CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 8 2009

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWIN R. CRUZ,<br>　　Petitioner, | Civil Action No. 7:09-cv-00195 |
| v. | MEMORANDUM OPINION |
| TRACY RAY,<br>　　Respondent. | By: James C. Turk<br>Senior United States District Judge |

Petitioner Edwin Cruz, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his institutional conviction for possessing a weapon. Cruz alleges that prison staff denied him due process by convicting him on insufficient evidence at his disciplinary hearing. This matter is before the court for screening after Cruz paid the filing fee. After reviewing Cruz's submissions, the court dismisses the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases because it is clear from the petition that Cruz is not entitled to relief.

I.

Cruz alleges the following facts. Prison staff found a razor blade in an unmarked manilla envelope in the institution's mail room. (Pet. 1.) The envelope did not have any markings or contents to connect Cruz to the envelope or the razor blade. Nobody saw Cruz handle the envelope. (Id. 2.) Prison staff charged Cruz with possessing a weapon and conducted an institutional disciplinary hearing. The disciplinary hearing officer (DHO) did not allow Cruz to call witnesses and conspired to retaliate against Cruz for his previous federal lawsuits. The DHO was also racially biased against Cruz. The DHO found Cruz guilty of the charge and imposed a $12.00 fine. Cruz also alleges that the infraction subsequently heightened his segregation status and affected his eligibility for parole. Cruz requests as relief that the infraction be removed from

his record or he receive a new hearing.

## II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is a state prisoner's sole federal remedy to challenge the fact or duration of his physical imprisonment and to seek a speedier release from imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 486, 498-500 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge . . . not [impacting] the fact or length of his custody."); Wolff v. McDonnell, 418 U.S. 554-555 (1974) ("[T]he [Preiser] Court was careful to point out that habeas corpus is not an appropriate or available remedy for damages claims."); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.") Even if the court granted Cruz's requested relief and ordered the defendant to remove the infraction from Cruz's prison record or to conduct a new disciplinary hearing, Cruz's length of confinement would not be reduced, and the court cannot impose compensatory damages in this habeas action as relief from the $12 fine.

Cruz's related complaint that he is not eligible for parole as a result of the disciplinary conviction also does not impact the length of his imprisonment because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Nevertheless, a state may create a liberty interest in parole release if its parole statutes affirmatively require that parole be granted unless certain specified events occur. Id. at 12. However, an inmate has only a mere hope that the benefit will be obtained and that hope is

2

not protected by due process when a state holds out only the possibility of parole. Id. at 11 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)).

The relevant Virginia parole statute does not create "a presumption that release will be granted" but absolutely prohibits parole unless the Virginia Parole Board decides otherwise. See Va. Stat. § 53.1-155 (stating no prisoner is granted parole unless the Board investigates and approves parole); Hill v. Jackson, 64 F.3d 163, 170-71 (4th Cir. 1995) (reviewing Va. Code Ann. § 53.1-155); Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc); James v. Robinson, 863 F. Supp. 275, 277 (E.D. Va.), aff'd mem., 45 F.3d 426 (4th Cir. 1994). Therefore, Cruz does not have a liberty interest in parole release under Virginia law. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 464(1989)).

Therefore, Cruz's claims do not implicate any right to a speedier release from imprisonment. Accordingly, Cruz cannot establish that any violation of federal law lengthened his imprisonment or that any cure would quicken his release from custody, and the court dismisses his petition for a writ of habeas corpus.

III.

For the reasons stated, the court dismisses Cruz's § 2254 petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send a certified copy of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 8th day of June, 2009.

/s/ James C. Turk
Senior United States District Judge